UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

<u>   Christopher Vinton   </u>,
                Petitioner,

          v.                                Civil Action No.  04-10209-DPW

Peter Allen, Superintendent of
<u>      MCI - Cedar Junction      </u>,
                Respondent.


O R D E R

On January 27, 2004, petitioner Christopher Vinton, an inmate at MCI-Cedar Junction, filed an application to proceed without prepayment of fees and a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

It is hereby ORDERED that the Clerk shall correct the case caption to reflect that the only respondent to this action is David Nolan, Superintendent, Massachusetts Correctional Institution - Cedar Junction.  A writ of habeas corpus must be "directed to the person having custody of the person detained."  28 U.S.C. § 2243.  Petitioner's legal custodian is the superintendent of the facility in which he is in custody, as the individual having day-to-day control over the facility in which petitioner is being detained.  <u>Vasquez v. Reno</u>, 233 F.3d 688, 694 (1st Cir. 2000), <u>cert. denied</u>, <u>sub nom.</u> <u>Vasquez v. Ashcroft</u>, 122 S. Ct. 43 (2001).  <u>See</u> Rule 2 of the Rules Governing Section 2254 Cases ("the state officer having custody of the applicant shall be named as respondent").

It is FURTHER ORDERED that pursuant to Rule 4 of the Rules Governing Section 2254 cases, the Clerk of this Court shall serve a copy of the Petition for a Writ of Habeas Corpus by mailing copies of the same, certified mail, to (1) David Nolan, Superintendent, Massachusetts Correctional Institution - Route 1A, P.O. Box 100, South Walpole, MA 02071, AND (2) William J. Meade, Chief, Appellate Division, Attorney General for the Commonwealth of Massachusetts, One Ashburton Place, 18th Floor, Boston, MA  02108-1598.

It is FURTHER ORDERED that the Respondent shall, within 20 days of receipt of this Order, but **no later than 12:00 NOON ON  February 28, 2004**, file a motion to dismiss or other dispositive motion to the Petition for a Writ of Habeas Corpus.  The Respondent may file an Answer or other responsive pleading, in addition to, but not in lieu of, the filing of a dispositive motion within the time period prescribed herein.

The Court further requests that the Respondent, as part of the response, file such documents which reflect on the issue as to whether Petitioner(s) exhausted available state remedies with respect to the matters raised by the Petition.

SO ORDERED.

February 5, 2004                                         Douglas P. Woodlock
   DATE                                                    UNITED STATES DISTRICT JUDGE