UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2004 MAY 27 P 1:27
U.S. DISTRICT COURT
DISTRICT OF MASS.

CHRISTOPHER VINTON )
  Petitioner, )
)
v. ) Civil Action No. 04-10209-DPW
)
DAVID NOLAN, )
  Respondent )
)

## ANSWER

The respondent, David Nolan, Superintendent of MCI Cedar Junction, herein answers the numbered paragraphs of the above-captioned petition for writ of habeas corpus as follows:

1-8.     Admitted.

9(a).     Admitted.

9(b).     Admitted.

9(c)     Admitted.

9(d).     Admitted. And further answering the grounds raised by the petitioner in his consolidated appeal to the Supreme Judicial Court were:(1) because the defendant's motion for a new trial raised a constitutional claim of ineffective assistance of counsel and was supported by affidavits establishing a substantial preliminary showing of fact, it was error to deny the motion without an evidentiary hearing; (2) the substantial likelihood of a miscarriage of justice was created when the trial judge gave inconsistent instructions relative to the Commonwealth's burden of proof in proving manslaughter; (3) the substantial likelihood of a miscarriage of justice was created when the judge gave an erroneous instruction of the use of excessive force relative to manslaughter which lowered the Commonwealth's burden of proof; (4) the substantial likelihood of a miscarriage of justice was created when the trial judge failed to instruct the jurors that they must find first prong malice in order to find the defendant guilty of murder in the first degree by means of deliberate premeditation and (5) the Supreme Judicial Court should exercise its discretionary power to order a new trial because of the ineffectiveness of counsel and because of the errors previously discussed or in the alternative, for those circumstances in this case, the defendant's conviction for first degree murder should be reduced. (See Supp. Ans. Exh. 1.)

2

| | |
|---|---|
| 10. | Admitted. |
| 11(a)(1)-(6). | Admitted. |
| 11(b)(1)-(5). | Admitted. |
| 11(b)(6). | Denied. The petitioner's Second Motion for a New Trial was denied on September 23, 2003. |
| 11(c)(1). | Admitted. The appeal of the petitioner's First Motion for a New Trial was consolidated with his direct appeal. *See Commonwealth v. Vinton*, 432 Mass. 180, 733 N. E. 2d 55 (2000). |
| 11(c)(2). | Denied. The petitioner's Application for Leave to Appeal the Denial of his Second Motion for a New Trial was denied by the gatekeeper Single Justice pursuant to G. L. c. 278, § 33E on November 21, 2003. |
| 12A-12E | These paragraphs contains conclusions of law requiring no response. To the extent that the petitioner presents facts, they are denied. |
| 14. | The respondent is without knowledge or information sufficient to form a belief as to the truth of this paragraph. |
| 15(b)-(e). | Admitted. |
| 16. | Admitted. |
| 17. | The respondent is without knowledge or information sufficient to form a belief as to the truth of these paragraphs. |

And further answering the respondent's attorney has been informed that a copy of the transcripts of the petitioner's trial are available in the Worcester County District Attorney's Office and can be suppled to the Court if necessary at the appropriate time.

Pursuant to Rule 5 of the Rules Governing 28 U.S.C. §2254 cases, the respondent is filing a Supplemental Answer with the following documents from the petitioner's state court proceedings:

3

1. Brief and Appendix for The Appellant on Appeal to the Massachusetts Supreme Judicial Court (SJC-08034)

2. Brief for the Commonwealth on Appeal to the Massachusetts Supreme Judicial Court (SJC-08034)

3. *Commonwealth v. Vinton*, 432 Mass. 180, 733 N. E. 2d 55 (2000)

4. Defendant's Memorandum of Law In Support of Motion for New Trial (Worcester Ind. No. 96-0476)

5. Defendant's Supplemental Memorandum In Support of His Second New Trial Motion (Worcester Ind. No. 96-0476)

6. Commonwealth's Opposition to Defendant's Second Motion for New Trial (Worcester Ind. No. 96-0476)

7. Memorandum of Decision and Order on Defendant's Motion for New Trial (Worcester Ind. No. 96-0476)

8. Petition for Leave to Appeal from the Denial of Second Motion for New Trial and Defendant's Memorandum In Support of His Petition Pursuant to G.L. c. 278, § 33 E For Leave to Appeal (SJ-2003-0458)

9. Commonwealth's Opposition to Defendant's Petition for Leave to Appeal (SJ-2003-0458)

10. Judgment and Memorandum and Order Denying Petition for Leave to Appeal (SJ-2003-0458)

## DEFENSES

1. The state court adjudication of the petitioner's claims was not contrary to nor an unreasonable application of clearly established Supreme Court law nor it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

2. The petitioner has not exhausted each and every issue in the same posture or under the same facts as presented in state court or is in procedural default on one or more issues

4.

and the state court decision was based on and adequate and independent state law ground which is not cognizable on federal habeas review.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*/s/ Annette C. Benedetto*

Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 037060

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached documents was served upon the petitioner pro se by first class mail, postage pre-paid, on May 27, 2004, at the address below:

Christopher Vinton, pro se
MCI Cedar Junction
P.O. Box 100
South Walpole, MA 02071

*/s/ Annette C. Benedetto*

Annette C. Benedetto
Assistant Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 037060