UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER VINTON )<br>    Petitioner         )<br>                     )<br>                     )<br>V.                   )<br>                     )<br>                     )<br>DAVID NOLAN          )<br>    Respondent       ) | Civil Action Number--<br># 1:04-cv-10209-DPW |

## MOTION FOR APPOINTMENT OF COUNSEL

Now comes the petitioner, Christopher Vinton, Pro se, and moves this Honorable Court to appoint counsel to represent him on his Notice Of Appeal to the Denial of his Petition For Habeas Corpus, and Motion For Certificate Of Appealability, pursuant to 28 U.S.C. § 2254. As grounds therefore, he states:

1. He is a prisoner confined to the Souza-Baronowski Correctional Center. He is serving a Life sentence without parole as a result of the Massachusetts State Court conviction of Murder in the First Degree, which was the subject of his 28 U.S.C. 2254 Petition for Habeas Corpus, it's denial which he is appealing now.

2. Petitioner is without funds and has just been granted Forma Pauperis status. Though petitioner is Pro se, and unable to pay for counsel, nor does he possess legal knowledge or skill which would enable him to litigate this action on his own behalf.

3. Since <u>Cookish v. Cunningham</u>, 787 F.2d 1, 2-3 (1st Cir. 1986), the Court of Appeals has indicated that, though a petitioner did not have a right to counsel, if he could not handle the case Pro se, counsel could be appointed. See also, 28 U.S.C. § 1915 (e)(1) ( " The Court may request an attorney to represent any person

(2)

unable to afford counsel." ). In addition, " The capacity of the indigent defendant to present the case is the factor to consider in appointing counsel." Tucker v. Randall, 948 F.2d 388, 392 (7th Cir. 1991) at 163 (Where a Pro se litigant has a colorable claim "but lacks the capaity to present it, the District Court should appoint counsel to assist him" [citing Gordon v. Leeke, 574 f.2d 1147, 1173 (4th Cir. 1978), ]).

4. The petitioner has no funds to retain counsel to represent him on his appeal issues. Since this Honoravle Court has granted him leave to proceed in Forma Pauperis, counsel should be appoited under 28 U.S.C § 2254.

Based on the foregoing, this Court should appoint counsel to represent petitioner on his Appeal to the Denial/Dismissal of his Petition for Habeas Corpus, and Motion for Certificate of Appealability under 28 U.S.C. § 2254.

Signed under the pains and penalties of perjury, this 9th day of October, 2005.

Respectfully Submitted,

*[signature]*

Christopher Vinton Pro se.
W-62596
P.O.Box-8000
SBCC
Shirley, Mass. 01464

### CERTIFICATE OF SERVICE

The petitioner, Christopher Vinton, hereby certifies that he has served a copy of the attached Motion For Appointment Of Counsel upon the attorney for the Commonwealth, by U.S. First Class Mail this 9th day of October, 2005         Respectfully Submitted,

*[signature]*

Christopher Vinton Pro se.

cc. Annette C. Benedetto AGA